UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01465-WTL-DML |
| ) | |
| STEVE DONALDSON, *et al.* ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Reconsideration**

**I.
Discussion**

Before the Court is Plaintiff Lionel Gibson's motion for reconsideration in which he asks the Court to reconsider several aspects of the Screening Entry dated December 9, 2015. In the Court's Screening Entry, the Court allowed a First Amendment retaliation claim to proceed against Defendants Steven Donaldson and Rob Marshall. The Court dismissed Mr. Gibson's Eighth Amendment failure to protect claim, his Fourth Amendment claim, his request for injunctive relief, and dismissed claims against Richard Brown and Bruce Lemmon. Mr. Gibson asks the Court to reconsider all of the Court's rulings adverse to him, and the Court will address each in turn.

First, the Court agrees with Mr. Gibson that his Eighth Amendment claims against Steven Donaldson and Rob Marshall **may proceed**. His allegations, taken as true, establish that they sadistically or maliciously created a substantial risk of serious bodily harm, which is sufficient to state an Eighth Amendment claim. *See Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996); *see also Whiteside v. Pollard*, 481 Fed. Appx. 270, 272 (7th Cir. 2012). The Court notes, however, that his Eighth Amendment and First Amendment claims may significantly overlap. Although constitutional claims should be addressed under the most applicable provision, *see Conyers v.*

*Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (noting that plaintiff's complaint "gains nothing by attracting additional constitutional labels"), the Court will allow both claims to proceed at this stage of the proceedings.

Second, the Court agrees with Mr. Gibson that his Eighth Amendment and First Amendment claims against Richard Brown **may proceed**. Mr. Gibson's allegations establish that Mr. Brown had sufficient personal involvement in the underlying conduct to be liable under 42 U.S.C. § 1983.

Third, the Court disagrees with Mr. Gibson that he has stated a Fourth Amendment claim against Mr. Donaldson. As the Court explained in the Screening Entry, a convicted prisoner, while in prison, has "no reasonable expectation of privacy in his prison cell that would protect him under the Fourth Amendment from unreasonable searches and seizures of his property." *King v. McCarty*, 781 F.3d 889, 899 (7th Cir. 2015). This principle extends to a prisoner's mail, given that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). While Mr. Gibson argues that Mr. Donaldson's seizure of his confidential mail was done to jeopardize his safety, this does not mean it amounted to an illegal search and seizure. Furthermore, as stated above, Mr. Gibson's First and Eighth Amendment claims are proceeding, which, if successful, will allow him to vindicate any harm caused by Mr. Donaldson's alleged conduct.

Fourth, the Court disagrees with Mr. Gibson that his official-capacity claims again Bruce Lemmon, the Commissioner of the Indiana Department of Corrections, should remain so that Mr. Gibson can obtain injunctive relief. Mr. Gibson's claims for injunctive relief are moot because he has been transferred to another facility. Although Mr. Gibson argues that the Indiana Department

of Corrections "could always transfer [him] back to Wabash Valley," this mere possibility is insufficient to save his claims from dismissal as moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (holding that "[i]f a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred," and "mere speculation" regarding a "likely transfer" is insufficient).

In conclusion, Mr. Gibson's motion [dkt. 21] is **granted in part**, in that the following claims shall proceed, in addition to those set forth in the Court's Screening Entry:  (1) his Eighth Amendment claims against Steve Donaldson and Rob Marshall; and (2) his First and Eighth Amendment claims against Richard Brown.  Mr. Gibson's motion for reconsideration [dkt. 21] is **denied** in all other respects.

## II.
## Service of Process

The clerk **is directed** to add Richard Brown as a defendant in this action.  The clerk shall **issue and serve process** on defendant Richard Brown in the manner specified by *Fed. R. Civ. P.* 4(d)(2).  Process in this case shall consist of the complaint [dkt. 1], the Screening Entry [dkt. 17], applicable forms, and this Entry.

**IT IS SO ORDERED.**

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Date: 1/6/16                                                Southern District of Indiana

Distribution:

LIONEL GIBSON
104608
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Richard Brown
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

Electronically Registered Counsel