UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:15-cv-01465-WTL-MPB |
| | ) |
| STEVE DONALDSON, *et al.* | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Amended Complaint and Directing Further Proceedings**

**I.
Screening**

Plaintiff Lionel Gibson is a prisoner currently confined in New Castle Correctional Facility ("New Castle"). The Court recently granted Mr. Gibson's motion for leave to file an amended complaint, and the amended complaint has been docketed in this action. Because Mr. Gibson is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by Mr. Gibson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Gibson's claims stem from his time in custody at Wabash Valley Correctional Facility ("Wabash Valley").  He brings claims against the following defendants: (1) Steve Donaldson, a counselor at Wabash Valley; (2) Rob Marshall, the Internal Affairs Supervisor at Wabash Valley; (3) Richard Brown, the Superintendent of Wabash Valley; and (4) Bruce Lemmon, the Commissioner of the Indiana Department of Corrections.

Mr. Gibson alleges the following facts that are relevant to his claims: on June 20, 2013, Mr. Gibson agreed with defendant Rob Marshall and Assistant Superintendent Frank Littlejohn to serve as a confidential informant to help them gather information about other inmates who were trafficking drugs and cellphones into Wabash Valley.  Specifically, Mr. Gibson agreed to purchase drugs and cellphones from other inmates, but he would not be targeted for disciplinary action by Internal Affairs for his conduct.  Mr. Gibson provided Mr. Marshall with information from June 20, 2013, until August 27, 2013, when his cell was raided by another Internal Affairs officer who confiscated a cell phone and drugs.  Mr. Gibson was immediately transferred to the segregated housing unit and charged for possessing those items.

In September 2014, Mr. Gibson sent correspondence to Mr. Marshall and Mr. Littlejohn containing information about his role as an informant and inquiring about the status of their agreement.  Mr. Marshall responded, but also sent his response to another cell.  Moreover, defendant Steve Donaldson, on September 18, 2014, gave a copy of Mr. Marshall's response to inmate William O'Brian, who was part of the trafficking ring Mr. Gibson attempted to infiltrate.  Mr. O'Brian took a picture of the correspondence and sent it to several other inmates at Wabash

Valley and other prisons. That same day, Counselor Donaldson stopped by Mr. Gibson's cell and smirked at him.

Three days later, Mr. Gibson was confronted and threatened by Mr. O'Brian and other inmates. Mr. Gibson told Mr. Marshall about what had occurred and asked to be separated from Counselor Donaldson because he did not feel safe with Counselor Donaldson having access to his mail. Mr. Marshall immediately moved Mr. Gibson to a new housing range and told him he would investigate the issue. By submitting a grievance, Mr. Gibson subsequently found out that the investigation revealed no wrongdoing on the part of Counselor Donaldson.

On October 3, 2013, Mr. Marshall requested that Mr. Gibson be transferred, and the transfer request stated that Mr. Gibson's "confidential mail [was] placed in the wrong mailbag in the SCU causing offender's life to be in danger." Although Mr. Gibson submitted grievances about his issues with Counselor Donaldson, Mr. Marshall again responded that Counselor Donaldson did not act inappropriately. Sometime between October 3, 2013, and October 22, 2013, defendant Superintendent Richard Brown had the reason for Mr. Gibson's transfer changed so that it did not appear that the prison staff's conduct placed Mr. Gibson's life in danger.

Counselor Donaldson continued to harass Mr. Gibson for several months. For example, on February 6, 2014, Counselor Donaldson visited Mr. Gibson in his cell and called him a snitch and taunted him about the situation.

Mr. Gibson has since been transferred to other correctional facilities multiple times. On October 14, 2014, Mr. Gibson was transferred to New Castle, where he currently is located. In June 2015, Mr. O'Brian—the inmate who had previously threatened Mr. Gibson—was also transferred to New Castle. Mr. O'Brien showed several other inmates at New Castle the picture of Mr. Gibson's confidential correspondence from when he was housed at Wabash Valley. Mr.

Gibson states that this placed his life in danger, and he alerted New Castle staff to his concerns but was told that there is no log in the computer corroborating them.

On January 11, 2016, Mr. Gibson was assaulted by two offenders because of the confidential correspondence that Mr. O'Brian had shown to other inmates. Mr. Gibson sustained lacerations on his face, neck, and eye, which required immediate transport to see an optometrist and ophthalmologist.

Based on the foregoing allegations, Mr. Gibson asserts, via 42 U.S.C. § 1983, an Eighth Amendment claim and a First Amendment retaliation claim against defendants Counselor Donaldson, Mr. Marshall, and Superintendent Brown, and Eighth Amendment and First Amendment claims against Commissioner Lemmon in his official capacity.

Although the factual allegations in Mr. Gibson's amended complaint are more detailed than those in his original complaint, the core facts supporting the claims that the Court permitted to proceed in its entries dated December 9, 2015, and January 6, 2016, remain the same. Therefore, for the reasons set forth in those entries—and because Mr. Gibson now alleges for the purposes of his Eighth Amendment claim that he was assaulted by inmates as a result of the defendants' conduct—Mr. Gibson alleges plausible Eighth Amendment and First Amendment retaliation claims against defendants Counselor Donaldson, Mr. Marshall, and Superintendent Brown, and these claims **shall proceed**.

Mr. Gibson's First Amendment and Eighth Amendment claims against Commissioner Lemmon, which Mr. Gibson states are against him in his official capacity only, are insufficient. Mr. Gibson alleges that Commissioner Lemmon failed to enact sufficient policies governing how staff deliver confidential mail and how inmates provide confidential information to prison officials. To the extent that these claims are for damages, they are **dismissed**, as Commissioner Lemmon

"in his official capacity [is] not [a] 'person[]' within the meaning of [§ 1983]." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

To the extent that Mr. Gibson's claims against Commissioner Lemmon are for injunctive relief, they are **dismissed as moot**. Mr. Gibson has been transferred out of Wabash Valley and is no longer participating in the alleged sting operation and related confidential communications. Although Mr. Gibson appears to be challenging the lack of a constitutionally sufficient statewide policy—which would suggest his claim may be viable despite the transfer, *see Lehn v. Holmes*, 364 F.3d 862, 871-72 (7th Cir. 2004)—his failure to be involved in confidential communications regarding the alleged sting operation at Wabash Valley or any others renders his claim moot, as these claims "no longer concern[] a live dispute." *Id.* at 870. Indeed, Mr. Gibson implicitly acknowledges that his claims for injunctive relief against Commissioner Lemmon no longer present a live dispute by alleging that "[w]ithout sufficient changes in the 'confidential mail' policy other offenders may be subject to future violations." For these reasons, Mr. Gibson's claims against Commissioner Lemmon are **dismissed**.

## II.
## Further Proceedings

A First Amendment and Eighth Amendment claims against defendants Richard Brown, Steve Donaldson, and Rob Marshall **shall proceed**. The claims against Bruce Lemmon are **dismissed**, and the clerk is **directed to terminate** Bruce Lemmon as a defendant in this action.

Defendants Richard Brown, Steve Donaldson, and Rob Marshall have already been served and appeared in this action. Because the core of the claims and defendants remain essentially unchanged in the amended complaint, this case shall proceed under the scheduling order dated February 11, 2016, unless the Court issues a new scheduling order. The defendants have through **May 9, 2016**, in which to answer the amended complaint.

Case 1:15-cv-01465-WTL-MPB   Document 37   Filed 04/19/16   Page 6 of 6 PageID #: 331

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 4/19/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LIONEL  GIBSON
104608
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel